**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**
**Case No: 00-1572 ADM/SRN**

Sarah L. Phillips-Foster
for herself and as parent
and natural guardian of
Zoe Foster,

Plaintiff,

vs.

**ORDER**

UNUM Life Insurance Company of
America and Nancy Ruhland as parent
and natural guardian of
Ian G. Foster and Craig A. Foster,
minor children,

Defendants.

The undersigned having been presented with plaintiff's motion to amend her complaint, after consideration of the matter in chambers on 9/28/00, and after reviewing the affidavit of David G. Johnson, the proposed Amended Complaint, and all the files, records, and proceedings herein the Court makes the following

**ORDER**

Plaintiff shall be and hereby is allowed to amend her Complaint to conform with the proposed Amended Complaint attached hereto as Exhibit A and plaintiff shall forthwith have the Complaint executed, served, and filed in accordance with usual procedure.

Dated: November 27, 2000

Susan Richard Nelson
Susan Richard Nelson
U.S. Magistrate Judge

FILED NOV 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**
**Civil No. 00-1572 (ADM/SRN)**

Sarah L. Phillips-Foster,

Plaintiff,

vs.

UNUM Life Insurance Company of America, Nancy Ruhland as parent and natural guardian of Ian G. Foster and Craig A. Foster, minor children, Jeramy T. Foster, Angela Sue Whitwam, Victoria Poshard, and Diane Della Busta and guardian ad-litem for Zoe Elizabeth Phillips, a minor child.

Defendants.

**AMENDED COMPLAINT**

**File No:** ______________

Plaintiff, for her complaint against the defendants, states and allege as follows:

1. Beginning 10/1/95 and for all relevant periods thereafter defendant UNUM Life Insurance Company of America (hereinafter "UNUM") insured employees of Drug Emporium, Inc. for life insurance benefits under a group insurance plan entitled "Select Group Insurance Trust", Policy Number 292000, I.D. 105344 002. A photocopy of that policy is attached hereto and incorporated for reference as Exhibit A. Beginning in October, 1996, Mark Steven Foster became employed as a full time pharmacist for a Drug Emporium, Inc. retail store in St. Paul, Minnesota.

2. Mark Steven Foster initially enrolled in or made application for basic life insurance coverage by way of an application with a Blue Cross Blue Shield heading and

Exhibit A

which also included enrollment and/or application for short term disability, vision and medical coverage and which was dated 10/4/96. A photocopy of the same is attached as Exhibit B and discloses that the primary beneficiary for life insurance proceeds was Defendant Victoria Poshard to the extent of Eighty (80%) percent and children of his marriages to the extent of Twenty (20%) percent. Plaintiff is informed and does believe this application was accepted by Defendant UNUM and that basic life insurance coverage was thereafter bound in accordance with that application. Drug Emporium, Inc. paid all premiums for basic life insurance coverage.

3. On 10/14/96 Mark Steven Foster executed another document entitled "Supplemental Life Insurance Benefit Enrollment Form", a true and correct photocopy of the same being attached hereto as Exhibit C. Plaintiff believes this document was intended to enroll or make application for additional life insurance coverage available under the instant policy and designated therein as "Option B", coverage made available to employees of Drug Emporium, Inc. but for which the insured was to pay the premium. This enrollment form names Defendant Jeramy Foster as primary beneficiary and Defendants Craig Foster, Ian Foster, and Angela Whitwam as contingent beneficiaries. Plaintiff is informed and does believe that this enrollment or application form was accepted by defendant UNUM and that "Option B" life insurance coverage was thereafter bound over the life of Mark Steven Foster in the amount of $100,000.00.

4. On 10/26/96 another form identical to the form illustrated in Exhibit B herein was executed by Mark Steven Foster and purports to name Jeramy Foster as

primary beneficiary to his life insurance proceeds and children Craig and Ian as contingent beneficiaries. A photocopy of the same is attached hereto as Exhibit D. This form does not attempt to distinguish between basic insurance coverage and Option B coverage. Plaintiff is informed and does believe UNUM accepted this document as a document effective to change beneficiary of all life insurance proceeds, both basic and Option B coverage.

5. On 3/11/97 Mark Steven Foster executed another form identical to those illustrated in Exhibit B and D herein and which named Plaintiff as the sole primary beneficiary and the children of his various marriages as contingent beneficiaries to his life insurance coverages. A photocopy of the same is attached as Exhibit E. The document did not distinguish between basic coverage and Option B coverage. Plaintiff is informed and does believe defendant UNUM accepted this document as a document effective to change beneficiary relating to all life insurance coverage, both basic and Option B coverages.

6. Plaintiff is informed and does believe that UNUM's basic coverage covered the life of Mark Steven Foster to the extent of $100,000.00 and that Option B coverage covered the life of Mark Steven Foster to the extent of an additional $100,000.00. In addition to these benefits this identified policy provided for accidental death and dismemberment insurance for both the "basic benefit" and the "Option B" benefit in an amount equal to each life insurance amount.

7. In addition to the above this identified policy provided for a "repatriation

benefit" to the extent of $5,000.00 if the insured died as a result of an accidental death suffered more than seventy-five (75) miles from the insured's principal residence.

8. Mark Steven Foster was murdered on or about 7/18/97 near Dariyland, Wisconsin, a point more that seventy-five (75) miles from his primary place of residence in Minneapolis, Minnesota. He left behind two children over the age of eighteen years; defendant Jeramy T. Foster and defendant Angela Sue Whitwam. He left behind three children under the age of eighteen years, to-wit: Zoe Elizabeth Phillips, Craig A. Foster, and Ian G. Foster. Plaintiff is the natural mother of Zoe Elizabeth Phillips. Defendant Diane Della Busta has been appointed Guardian Ad-Litem for Zoe Elizabeth Phillips. Defendant Nancy Ruhland is the natural mother of Craig A. Foster and Ian G. Foster.

9. This death occurred at a time when coverages as above described were in effect.

10. Plaintiff submitted timely and appropriate claims to defendant UNUM. All claims have been denied without reasonable basis. UNUM's self-described administrative "appeals" have resulted in further denials. No amount have been paid by UNUM to or on behalf of plaintiff or any other beneficiary.

**COUNT I: Declaratory Relief**

11. Plaintiff is informed and does believe that Defendant UNUM's refusal to pay any benefits to plaintiff rests, in part, upon its allegation that plaintiff had some involvement in bringing about the death Mark Steven Foster. In that event some or all of the non corporate defendants herein may be entitled to some or all of the life insurance

proceeds above described thereby making non corporate defendants proper parties herein.

12. Plaintiff is informed and does believe that one or more of the defendants above named will assert that enrollment or application forms executed after 10/4/96 were inadequate to change the named beneficiary on any part of life insurance proceeds covering the life of Mark Steven Foster. These potential claims make each of the non corporate defendants parties in interest and, therefore, proper parties herein.

13. Plaintiff is entitled to declaratory relief against all defendants pursuant to 28 USC §§ 2201 and 2202 and pursuant to Rule 57 of the Federal Rules of Civil Procedure to the effect that coverage existed over the life of Mark Steven Foster to the extent above described, that the series of enrollment or application forms executed by Mark Steven Foster were effective to change beneficiaries relating to all coverage and that the last such change was effective to name plaintiff as primary beneficiary.

**COUNT II: Monetary Damages**

14. UNUM's refusal to pay benefits under this identified policy constitutes a breach of its agreement to insure the life of Mark Steven Foster and to pay third-party beneficiaries, including plaintiff above-name. Plaintiff is therefore entitled to judgment against UNUM for the amounts above stated together with her interest, costs and disbursements herein.

15. The instant venue and jurisdiction are appropriate for this case pursuant to 28 USC § 1332 because Mark Steven Foster was a resident of Hennepin County, Minnesota, at the time of his death, plaintiff and defendant Ruhland are residents of the

state of Minnesota, defendant UNUM Life Insurance Company of American is believed to be a corporation incorporated in a jurisdiction foreign to that of Minnesota with its principal place of business in the state of Maine, and defendants Jeramy T. Foster and Angela Sue Whitwam are residents of the state of Wisconsin. The matter in controversy exceeds, exclusive of interest and costs, the sum of Fifty Thousand ($50,000.00) dollars.

WHEREFORE plaintiff demands judgment of this Court enumerating and declaring the rights and obligations of all parties and against defendant UNUM in an amount to be proven at the time of trial together with interest, costs, and other relief the Court deems just and equitable under the circumstances.

**ACKNOWLEDGMENT**

It is hereby acknowledged that costs, disbursements, reasonable attorney fees and witness fees may be awarded to any party against whom an opposing party or attorney has:

a. Acted in bad faith;

b. Asserted a claim or defense that is frivolous and that has been costly to that party;

c. Asserted an unlawful position solely to delay the ordinary course of the proceedings or to harass; or

d. Committed a fraud upon the Court.

Date: 10/20/00

David G. Johnson #50878
Attorney for Plaintiff
Suite 240, 16670 Franklin Trail S.E.
Prior Lake, MN 55372
(952) 447-6030